# EXHIBIT F

## SIDE-LETTER AGREEMENT

THIS AGREEMENT ("**Agreement**"), dated November 26, 2019 (the "**Effective Date**") is entered into by and between Remington Chase, Chris Bremble, and ▇▇▇▇▇▇▇

### RECITALS

A.  Chase has provided various funding to Base Media Technology Group, Ltd. ("Base"). The funding has been provided using various companies under his control including Production House Ltd; Production House of Cinema, Inc.; Film Finances, Inc.; Production House International LLC; Pre Production Capital, LLC; Knightsbridge Entertainment Inc.; Starfall Ltd.; Production Capital Entertainment; ▇▇▇▇▇▇ ▇▇▇▇▇▇ Production Capital Corp; and Production Capital LLC. These amounts are documented in the Amended Loan Agreement between Chase and Base, dated October 31, 2019, and any subsequent amendments to such agreement.

B.  The parties acknowledge that Base needs to secure a strategic partnership in China in order to create long-term value for the business, including the survival of the standalone vfx business in Kuala Lumpur.

### AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.  Base is negotiating an agreement with a strategic party in China. Such party will acquire a significant equity ownership of Base (the "Transaction") in exchange for the elimination of liabilities and working capital for the survivability of the Base business.

2.  Subject to final negotiation of the Transation, which requires the agreement of all parties, Remington will receive 5.0% of the outstanding equity of Base in the Transaction. Remington's shares will be the same security type as Chris and ▇▇. At the same time, Remington will release his 46.0% ownership of the Kuala Lumpur vfx business. Remington and all related companies will release any claims against Base, Chris Bremble and ▇▇ ▇▇▇▇▇▇ regarding the repayment of any funds, whether classified as equity or debt, provided to Base and all related companies.

3.  Remington will receive USD 500,000.00 of cash within three months of the Transaction closing.

4.  Remington will receive 15.0% of the Base corridor related to the Wishdragon production.

5.  Remington will sign an agreement on the Lord of the West production that will confirm his equity ownership.

1

6.  Remington covenants that he and his affiliated parties shall not, directly or indirectly use the name, brand, or trademarks of Base, or any affiliated entities of Base, including without limitation fundraising or business development, without the express written consent of Chris and ▮

7.  Remington Representations. Remington represents and warrants the following:

    (i) Remington has full authority to enter into this Agreement;
    (ii) Remington is the controlling shareholder and has the legal capacity to enter into this Agreement on behalf of himself; Production House Ltd; Production House of Cinema, Inc.; Film Finances, Inc.; Production House International LLC; Pre Production Capital, LLC; Knightsbridge Entertainment Inc.; Starfall Ltd.; Production Capital Entertainment; Production Capital Corp; and Production Capital LLC;
    (iii) Remington has no legal right or authority whatsoever in any capacity to make decisions regarding the business of Base or to otherwise impact Base's business decisions;
    (iv) Remington confirms that all funding provided to Base has been obtained and transferred legally in compliance with all relevant banking and other laws and regulations.

8.  **Applicable Law and Severability.** Nothing contained herein shall be constructed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision contained herein and any present or future statute, law, ordinance or regulation contrary to which the parties have no legal right to contract, the latter shall prevail but the provision of this document which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. The parties agree that this Agreement shall be governed by and construed in accordance with the laws of State of California applicable to contracts made and performed within the State of California.

9.  **Confidentiality.** The parties acknowledge that any oral or written information exchanged among them with respect to this Agreement is confidential information. Except as, and to the extent, required by law, the parties will not disclose or use and will direct their representatives not to disclose or use, any confidential information furnished, or to be furnished, by the other, or its representatives, as applicable, or its respective representative at any time, or any information about this Agreement.

10. **Resolution of Dispute by Arbitration.** Any controversy or claim arising out of, or relating to, this Agreement, the breach thereof, or the coverage of this arbitration provision, shall be settled by arbitration pursuant to the provisions of the California Code of Civil Procedure (or such substitute provisions then in force). BY AGREEING TO ARBITRATON ALL PARTIES ARE WAIVING THEIR RIGHT TO A JURY TRIAL. Any such arbitration shall be conducted in Los Angeles, CA. The arbitration of such

issues, including the determination of the amount of any damages suffered by any party hereof by reason of the acts or omissions of another, shall be to the exclusion of any resolution of such issues in a court of law. The decision of a majority of the arbitrators shall be final and binding on all parties and their respective heirs, executors, administrators, successors and assigns. Any action to secure a judicial confirmation of the arbitration award may be brought in any state or federal court of competent jurisdiction. If the parties are unable to agree upon the selection of a neutral arbitration institution then either party may, at its election, require that the arbitration be conducted under the auspices and rules of the American Arbitration Association ("AAA") and that the neutral arbitrator be selected by the AAA. Arbitration hereunder shall not, in any event, (i) prevent any party from joining any other party as defendant in any action brought by or against a third party, nor (ii) prevent any party from filing a legal action hereunder to effectuate any attachment, provisional relief, or summary remedies, provided that such party stipulates in such action, at any other party's request, to arbitration on the merits of said case, nor (iii) prevent a party from filing a legal action to compel arbitration under the arbitration provisions hereof.

11. **Successors and Assigns**. All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the parties hereto and their respective heirs, executors, administrators, personal representatives, successors and assigns.

12. **Separate Counterparts**. This Agreement and any amendments, waivers, consent, or supplements hereto may be executed in any number of counterparts, and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed an original, but all such counterparts together shall constitute one and the same instrument.

13. **Entire Agreement**. This Agreement constitutes the entire understanding and agreement of the parties with respect to the subject matter of this Agreement, and supersedes all other agreements, whether written or oral, between the Parties. No representation, promise, inducement or statement of intention has been made by any of the parties hereto not embodied in this Agreement, and no party shall be bound by or liable for any alleged representations, promise, inducement or statement of intention not set forth herein.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first set forth above.

Base Media Technology Group, Ltd. and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

By: _____
Name: Christopher Bremble
Title: CEO

Chris Bremble

By: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

By: *(signature)* Remington Chase

Remington Chase, the individual, and Remington Chase as authorized representative of Production House Ltd; Production House of Cinema, Inc.; Film Finances, Inc.; Production House International LLC; Pre Production Capital, LLC; Knightsbridge Entertainment Inc.; Starfall Ltd.; Production Capital Entertainment; Production Capital Corp; and Production Capital LLC

By: *(signature)* Remington Chase
Name: Remington Chase
Remington Chase, authorized signing representative, for all companies that have done business with Base