# EXHIBIT G

# NOMINEE DEED

This NOMINEE DEED ("**Deed**") is executed and delivered as a deed on 19 January 2020 ("**Signing Date**") by:

(1)     Christopher Bennett Bremble ("**Nominee**"); and

(2)     Remington Chase ("**Principal**");

(each, a "**Party**", collectively, "**Parties**").

BACKGROUND:

A.     Upon the request of the Principal, the Nominee has agreed to hold 584 ordinary shares ("**Subject Shares**") of Base Media Technology Group Limited, a company organized under the laws of Hong Kong ("**Company**") on the Principal's behalf.

B.     The Parties now wish to enter into this Deed to set out the terms on which the Nominee will hold the Subject Shares on behalf of and as a nominee for the Principal.

**NOW, THEREFORE**, the Parties agree as follows:

1.     The Nominee shall hold the Subject Shares (and all rights related to such shares) in trust and as nominee for the Principal. The Nominee hereby acknowledges and agrees that the Principal is the sole beneficial owner of the Subject Shares.

2.     The Nominee shall exercise all voting rights granted by law and under the Shareholders Agreement and Memorandum and Articles of Association of the Company (collectively, the "**Corporate Documents**"). The Nominee shall take all actions with respect to the Subject Shares on behalf of the Principal subject to the terms of the Corporate Documents.

3.     The Principal shall indemnify the Nominee for any losses incurred by the Nominee arising out of, or relating to, the Nominee's bona fide performance of this Deed, unless such losses are resulting from or in connection with the fraud, willful misconduct or gross negligence of the Nominee. The Nominee shall indemnify the Principal for any losses incurred by the Principal arising out of, or relating to, the Nominee's breach of any terms of this Deed, unless such losses are resulting from or in connection with the fraud, willful misconduct or gross negligence of the Principal.

4.     The Principal shall reimburse the Nominee for all out-of-pocket costs and expenses incurred by the Nominee in connection with this Deed, including tax disbursements.

5.     This Deed may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

6.     This Deed constitutes the entire understanding between the Parties and supersedes all other agreements, whether written or oral, between the Parties with respect to the subject matter of this Deed.

7.     Each Party shall, and shall use its reasonable efforts to cause any necessary third party to, promptly execute or cause to be delivered any documents and instruments, and do

8. No amendment to this Deed will be effective unless it is in writing and signed by both Parties. No waiver of satisfaction of a condition or nonperformance of an obligation under this Deed will be effective unless it is in writing and signed by the Party granting the waiver, and no such waiver will constitute a waiver or satisfaction of any other condition or non-performance of any other obligation.

such acts and things necessary or desirable to give full effect to this Deed.

9. In the event of the death or legal incapacitation of the Principal, the Nominee shall have the right to purchase the Subject Shares within twelve (12) months of effective notice at a price determined as fair according to an appraisal conducted by internationally recognized investment bank. If those Shares have not been purchased by the end of the 12 months, the Subject Shares will be transferred to [                    ], who shall immediately enter into a nominee deed with the Nominee that is the same as this Deed in all material respects.

10. The Parties intend as follows:

    (a) that if any provision of this Deed is held to be unenforceable, then that provision will be modified to the minimum extent necessary to carry out, as closely as possible, the intention of the Parties and preserve the economic purpose contemplated by this Deed, unless such modification is not permitted by law, in which case the provision will be disregarded.

    (b) that if an unenforceable provision is modified or disregarded in accordance with this Article 10, the rest of this Deed will remain effective as written.

    (c) that any provision will remain as written in any circumstances other than those in which the provision is held by a court or arbitral body of competent jurisdiction to be unenforceable.

11. The execution, validity, interpretation, and implementation of this Deed and the settlement of disputes arising under this Deed will be governed by the laws of Hong Kong, without giving effect to the principles of conflict of laws.

12. Any dispute, controversy, difference or claim arising out of or relating to this Deed, including the existence, validity, interpretation, performance, breach or termination thereof or any dispute regarding non-contractual obligations arising out of or relating to it shall be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre ("**HKIAC**") under the HKIAC Administered Arbitration Rules in force when the Notice of Arbitration is submitted. The law of this arbitration clause shall be Hong Kong law. The seat of arbitration shall be Hong Kong. The number of arbitrators shall be three. The arbitration proceedings shall be conducted in English.

[*signature pages follow*]

**IN WITNESS WHEREOF,** the Parties below have executed this Deed on the Signing Date.

*Witnessed and Attested by:*   *EXECUTED and DELIVERED as a deed by:*

Signed: _____ )
)
Name: _____ )
)
Address: _____ )  _____
)  Christopher Bennett Bremble
)

_____

_____

Signature Page to Nominee Deed

**IN WITNESS WHEREOF**, the Parties below have executed this Deed on the Signing Date.

*Witnessed and Attested by:*        *EXECUTED and DELIVERED as a deed by:*

Signed: _____

Name: _____       */s/ Remington Chase*

Address: _____      Remington Chase

_____

Signature Page to Nominee Deed